# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| SAMUEL DAVID YOUNG, | * | |
| Petitioner, | * | |
| v. | * | Civil Case No.: PWG-15-3290 |
| JINESH PRAVIN BRAHMBHATT, | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Petitioner Samuel David Young filed an application to confirm an arbitration award against Respondent Jinesh Pravin Brahmbhatt, Pet., ECF No. 1, and subsequently filed a Motion for Default Judgment in the amount of $2,010,000, plus additional prejudgment and postjudgment interest until paid, Pet'r's Mot. 3, ECF No. 32. A hearing is unnecessary to determine the amount of liability given the information provided in the arbitration award. *See* Arbitration Award, ECF No. 1-2; Loc. R. 105.6 (D. Md.). Because I find that I have jurisdiction to confirm the arbitration award and because Brahmbhatt has not responded and demonstrated any basis for vacating the award, I will grant Young's motion for default judgment, except with respect to his request for additional interest beyond what the arbitration panel awarded.

I.  **Background**

On November 21, 2014, a Financial Industry Regulatory Authority (FINRA) arbitration panel awarded $2,010,000 to Young, who allegedly suffered injury from an illegal scheme orchestrated by his broker, Brahmbhatt, the scheme consisted of recommending the purchase of promissory notes issued by his firm's parent company. Pet. ¶¶ 1, 3. The award consisted of

1

$600,000 in compensatory damages plus 6% interest per annum from March 1, 2013 until payment of the award, $10,000 in costs, $1,000,000 in punitive damages pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. §§ 1-16, Securities Act of 1933, 15 U.S.C. §§ 77a–77aa, and Maryland Securities Act, Md. Code Ann., Corp. & Ass'ns Article §11-417 -701.1(b)(4); and $400,000 in attorney's fees. Pet. ¶ 3. On October 28, 2015, Young filed an application to confirm arbitration award against Brahmbhatt, within one year of its issuance. *See* Arbitration Award, Pet'r's Mot. Ex. A., ECF No. 1-2; Pet. Young properly served Brahmbhatt on November 17, 2016, s*ee* ECF No. 30, who has failed to answer or otherwise defend. The Clerk of the Court entered Brahmbhatt's default on December 14, 2016. ECF No. 31.

II.  **Discussion**

Young moves for default judgment with respect to his arbitration award. The Fourth Circuit has stated that

> [j]udicial review of an arbitration award is "severely circumscribed." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). In fact, the scope of judicial review for an arbitrator's decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).

*Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007). The Federal Arbitration Act provides that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9. "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive

review is limited to those grounds set out in [§ 10 of the FAA]." *Choice Hotels Int'l, Inc. v. Shriji 2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015) (citing *Apex Plumbing*, 142 F.3d at 193). Section 10 provides that a court may vacate an arbitration award

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. "[T]he party opposing the award bears the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015) (citing *Three S Del., Inc.*, 492 F.3d at 527).

Brahmbatt's firm, Success Trade Securities, Inc. ("Success"), is a member of FINRA. *See* Statement of Claim, Pet'r's Mot. Ex. B., ECF No. 32-2. Customer disputes that "arise out of the business activities" of FINRA members must be arbitrated. FINRA Rule 13200. Young's claim arises out of promissory notes that Brahmbhatt sold to him, making the claim subject to arbitration under the FINRA rules.

The promissory notes that Plaintiff invested in, as well as the Success's membership in FINRA, required both parties to submit to arbitration, and provided for costs and attorney's fees to the prevailing party. *See* Pet. ¶¶ 1, 8. Because Young filed his petition less than one year after the arbitration panel issued its award on November 21, 2014 and Plaintiff's motion was filed on October 28, 2015, the application for arbitration award was timely. *See* 9 U.S.C. § 9;

3

Pet'r's Mot. Ex. A., ECF No. 1-2; Pet. The arbitration was conducted in Baltimore, Maryland, Pet. ¶ 9, making this Court the proper venue for confirmation of the award, 9 U.S.C. § 9 (providing that application for confirmation of arbitration awards be made in federal judicial district where the award was made). The filings establish that the parties are diverse and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this Court. *See* Pet. ¶¶ 4–5, 13. Thus, this Court has jurisdiction to confirm the arbitration award. *See* 28 U.S.C. § 1332(a); *Austin Area*, 2015 WL 6123523, at *2; *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *3 (D. Md. Oct. 25, 2011).

Because Brahmbhatt was properly served and has failed to respond to Young's application, he has not demonstrated any ground for vacating the award. *See Shriji 2000*, 2015 WL 5010130, at *2 (granting default judgment in favor of plaintiff's application to confirm arbitration award when defendants failed to respond); *Swami Krupa, Inc.*, 2015 WL 4430684, at*2 (same). I will therefore confirm the arbitration award.

Young also requests additional prejudgment and postjudgment interest beyond what the arbitration award provided. *See* Pet'r's Mot. 3 (requesting prejudgment interest on costs, punitive damages, and attorney's fees and postjudgment interest on the entire award). The arbitration award provided for prejudgment and postjudgment interest on the compensatory damages but not on any of the other components of the award. *See* Arbitration Award 3. Young has not provided authority establishing his right to prejudgment interest on the non-compensatory components of the award, and as the Maryland Court of Appeals has recognized, the purpose of prejudgment interest is "to compensate plaintiff for the loss of use of money," which would seem to exclude award of such interest on non-compensatory damages. *Fraidin v. Weitzman*, 611 A.2d 1046, 1071 (Md. 1992) (quoting *Eden v. Amoco Oil, Co.*, 741 F. Supp. 1192, 1196 (D. Md. 1990)).

4

Accordingly, I will not revisit the arbitration panel's determination on prejudgment interest. As for Young's request for postjudgment interest beyond what the arbitrator provided, "the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law." *Choice Hotels, Int'l, Inc. v. Shree Navdurga, LLC*, No. DKC-11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012) (citing 28 U.S.C. § 1961 ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.")).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.

### ORDER

Accordingly, it is on this __6th__ day of __July__, __2017__, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion for Default Judgment, ECF No. 32, is GRANTED in part and DENIED in part as follows;

   a. Petitioner Samuel David Young's application to confirm arbitration award is GRANTED;

   b. The award of $2,010,000.00 plus interest (representing $600,000 in compensatory damages plus 6% interest from March 1, 2013 until payment of the award, $410,000 in attorney's fees and, and $1,000,000 in punitive damages pursuant to the Federal Arbitration Act, Securities Exchange Act of 1933, Maryland Securities Act, and Corporations and Associations Article §11-417 and §11-701.1(b)(4)) is CONFIRMED;

c. Young's request for additional prejudgment interest on fees, costs, and punitive damages IS DENIED, but to the extent that he is entitled to additional postjudgment interest under 28 U.S.C. § 1961, he may pursue it;

2. Judgment shall be entered in favor of Young and against Respondent Jinesh Pravin Brahmbhatt in the amounts stated above;

3. The Clerk SHALL CLOSE the case.

/s/
Paul W. Grimm, Judge
United States District Court

car